```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  KAREN A. ESCOBAR
    Assistant U.S. Attorney
 3  Federal Courthouse, Suite 4401
    2500 Tulare Street
 4  Fresno, California 93721
    Telephone: (559) 497-4000
 5
 6
 7
 8            IN THE UNITED STATES DISTRICT COURT FOR THE
 9                   EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY LOCATED AT<br>8087 E. CARMEN AVENUE, FRESNO,<br>FRESNO COUNTY, CALIFORNIA,<br>APN: 310-090-76S-6, INCLUDING<br>ALL APPURTENANCES AND<br>IMPROVEMENTS THERETO,<br><br>    Defendant, | 1:05-CV-01267-AWI-SMS<br><br>STIPULATION FOR EXPEDITED<br>SETTLEMENT AND ORDER THEREON |
| Mortgage Electronic Registration<br>Systems, Inc., as Nominee For<br>Countrywide Home Loans, Inc.,<br><br>    Claimant. | |

   This stipulated settlement is entered into between the plaintiff United States of America and claimant Mortgage Electronic Registration Systems, Inc., as Nominee For Countrywide Home Loans, Inc. (hereinafter referred to as "claimant Countrywide"), by and through their undersigned counsel, according to the following terms:

1.  This is a civil forfeiture action of certain real property located at 8087 E. Carmen Avenue, Fresno, Fresno County, California, APN: 310-090-76S-6 (hereinafter the "defendant real property"), and more particularly described as:

> Parcel 2 of Parcel Map No. 4993, in the City of Fresno, County of Fresno, State of California, according to the map thereof, recorded in Book 35 Page 3 of Parcel Maps, Fresno County Records.
>
> Excepting therefrom one-half of all oil, gas and minerals, as heretofore reserved of record.
>
> Assessor's Parcel No.: 310-090-76S-6.

2.  The parties hereby stipulate that any violations of 21 U.S.C. § 881 involving the defendant real property occurred without the knowledge and consent of claimant Countrywide.

3.  Plaintiff agrees that upon the entry of a Final Judgment of Forfeiture forfeiting to the United States all right, title, and interest in the defendant real property, and upon the sale of the defendant real property, it shall pay claimant Countrywide, in escrow from the gross sales price, after payment of outstanding taxes and expenses of custody and sale incurred by the United States Marshals Service, the following:[1]

   a. All unpaid principal due to Countrywide in the original amount of $355,300.00 pursuant to a Promissory Note dated May 4, 2004, and secured by a Deed of Trust dated May 4, 2004, and recorded

---

[1] If for any reason the defendant real property is not forfeited, e.g., because the United States enters into a settlement with other claimants to forfeit money in substitution for the defendant real property then this stipulation shall not have effect.

2

1  on May 17, 2004 as Document No. 010769200, in the official records
2  of Fresno County, California. As of April 19, 2006, the total amount
3  due and owing under the note was $361,902.28. This number consists
4  of principal due and owing in the amount of $346,565.97, interest due
5  and owing in the amount of $9,975.60, and miscellaneous fees and costs
6  in the amount of $5,351.71. Interest will continue to accrue under
7  the note at a rate of $49.7536 per diem;

8      b. All unpaid interest at the contractual rate (not the
9  default rate) under the above-described note and deed of trust until
10 the date of payment;

11     c. All unpaid casualty insurance premiums for the defendant
12 real property from October 27, 2005 (date of posting of defendant real
13 property) to the date of payment;

14     d. Reasonable attorney's fees not to exceed $2,000.00; and
15     e. A total fee of not more than $200 to process a
16 beneficiary demand statement and to record a reconveyance of the deed
17 of trust.

18     f. The exact amount to be paid to claimant Countrywide
19 shall be determined at time of payment.

20     4. The payment to claimant Countrywide shall be in full
21 settlement and satisfaction of any and all claims by Countrywide to
22 the defendant real property posted by the United States on or about
23 October 27, 2005, and all claims resulting from the incidents or
24 circumstances giving rise to this forfeiture action.

25     5. Upon payment, claimant Countrywide agrees to assign and
26 convey its security interest to the United States via recordable
27 documents.

28

6. Claimant Countrywide releases plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the posting or sale of the defendant real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed. The parties to this agreement waive the provisions of California Civil Code § 1542 which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in its favor at the time of executing the release, which if known by it must have materially affected the settlement.

7. As a part of this settlement, claimant Countrywide agrees not to pursue against the United States any other rights they may have under the promissory note and deed of trust including, but not limited to, the right to initiate a judicial or non-judicial foreclosure action.

8. Claimant Countrywide agrees to notify the U.S. Attorney and U.S. Marshals Service at the end of the first payment cycle in which a payment is not made under the terms specified in the note. Claimant further agrees to join any government motions for interlocutory or stipulated sale of the defendant real property and any motions to remove occupants from the property who fail to abide by the terms of an occupancy agreement, within ten (10) days of claimants' receipt of the motion(s).

9.  Claimant Countrywide understands and agrees that by entering into this Expedited Settlement of their interest in the defendant real property, they waive any rights to further litigate against the United States their interest in the defendant real property and to petition for remission or mitigation of the forfeiture.  Unless specifically directed by order of this Court, claimant Countrywide is hereby excused and relieved from further participation in this action.

   a.  No final judgment shall be entered in this action inconsistent with or adverse to any provisions of this Stipulation, and to the extent any final judgment entered in the action is inconsistent with or adverse thereto, such order shall be void as against Countrywide.

10.  Claimant Countrywide understands and agrees that the United States reserves the right to void this Expedited Settlement agreement and terminate the forfeiture action at any time for legal reasons or within ninety (90) days after the date of this agreement for economic reasons.

11.  The parties agree to execute further documents, to the extent necessary, to convey clear title to the property to the United States and to further implement the terms of this settlement.

12.  The terms of this settlement agreement are contingent upon forfeiture of the defendant real property to the United States and the Court's entry of a Final Judgment of Forfeiture.

////
////
////
////

5

Further, the terms of this settlement agreement shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an Order of the Court.

                                        Respectfully submitted,

                                        McGREGOR W. SCOTT
                                        United States Attorney

DATED: 4/13/06                By: /s/ Karen A. Escobar
                                        KAREN A .ESCOBAR
                                        Assistant United States Attorney

                                        SEVERSON & WERSON

DATED: 4/17/06                By: /s/ Susan M. Santerelli
                                        SUSAN M. SANTERELLI
                                        Attorney for Claimant Mortgage
                                        Electronic Registration Systems, Inc.,
                                        as nominee for Countrywide Home Loans,
                                        Inc.

                                      (original signature retained by attorney)

**ORDER**

This Stipulated Expedited Settlement is hereby APPROVED.

IT IS SO ORDERED.

**Dated:   April 22, 2006**                  **/s/ Anthony W. Ishii**
0m8i78                                     UNITED STATES DISTRICT JUDGE

6