1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,    ) 1:05-CV-1267-AWI-SMS
                    )
         Plaintiff,  )
                    )
     v.             ) FINDINGS AND RECOMMENDATION RE:
                    ) PLAINTIFF'S MOTION FOR DEFAULT
REAL PROPERTY LOCATED AT 8087 ) JUDGMENT (DOC. 33)
E. CARMEN AVENUE, FRESNO,   )
FRESNO COUNTY, CALIFORNIA,  )
APN: 310-090-76S-6, INCLUDING )
ALL APPURTENANCES AND        )
IMPROVEMENTS THERETO,       )
                    )
        Defendant.  )
                    )
_____)

     Plaintiff is proceeding with a civil action in this Court. Plaintiff filed an ex parte motion for default judgment which has proceeded before a Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19).

     Plaintiff filed the motion for default judgment and memorandum of points and authorities on July 17, 2006. Plaintiff seeks the entry of a default judgment against the interests of Benjamin Valencia Lucatero (Lucatero), Santos Rafael Islas-Ramirez (Islas-Ramirez), and Ramiro Barragan (Barragan) in the subject property as well as entry of a final judgment of forfeiture that vests in the United States of America all right,

1  title, and interest in the Defendant real property. There has

2  been no appearance by any person with an interest in the

3  Defendant property or any claimant with respect to the motion.[1]

4      This Court has jurisdiction over this action pursuant to 28

5  U.S.C. §§ 1345 (proceeding commenced by the United States) and

6  1355 (forfeiture).

7                              ANALYSIS

8      I. Default Judgment

9      A court has the discretion to enter a default judgment

10  against one who is not an infant, incompetent, or member of the

11  armed services where the claim is for an amount that is not

12  certain on the face of the claim and where 1) the defendant has

13  been served with the claim; 2) the defendant's default has been

14  entered for failure to appear; 3) if the defendant has appeared

15  in the action, the defendant has been served with written notice

16  of the application for judgment at least three days before the

17  hearing on the application; and 4) the court has undertaken any

18  necessary and proper investigation or hearing in order to enter

19  judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan

20  Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th

21  Cir. 1988). Factors that may be considered by courts in

22  exercising discretion as to the entry of a default judgment

23  include the nature and extent of the delay, Draper v. Coombs, 792

24  F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to

25  the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th

26

27      [1] The Court notes that claimant Mortgage Electronic Registration Systems, Inc. as Nominee for
Countrywide Home Loans, Inc., entered into a stipulated settlement approved by Judge Anthony W. Ishii and filed

28  on April 24, 2006.

1 Cir.1986); the merits of plaintiff's substantive claim, <u>id.</u>; the

2 sufficiency of the allegations in the complaint to support

3 judgment, <u>Alan Neuman Productions, Inc.</u>, 862 F.2d at 1392; the

4 amount in controversy, <u>Eitel v. McCool</u>, 782 F.2d at 1471-1472;

5 the possibility of a dispute concerning material facts, <u>id.</u>;

6 whether the default was due to excusable neglect, <u>id.</u>; and the

7 strong policy underlying the Federal Rules of Civil Procedure

8 that favors decisions on the merits, <u>id.</u>

9     A default judgment generally bars the defaulting party from

10 disputing the facts alleged in the complaint, but the defaulting

11 party may argue that the facts as alleged do not state a claim.

12 <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392.

13 Thus, well pleaded factual allegations, except as to damages, are

14 taken as true; however, necessary facts not contained in the

15 pleadings, and claims which are legally insufficient, are not

16 established by default. <u>Cripps v. Life Ins. Co. of North America,</u>

17 980 F.2d 1261, 1267 (9th Cir. 1992); <u>TeleVideo Systems, Inc. v.</u>

18 <u>Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).

19     II. <u>Forfeiture Proceedings</u>

20     With respect to default judgments in proceedings that are in

21 rem actions for forfeiture, both the general Federal Rules of

22 Civil Procedure and the Supplemental Rules for Certain Admiralty

23 and Maritime Claims (Supp. R.) apply, but the latter rules

24 prevail if there is an inconsistency. Supp. R. A(1). Supp. R.

25 C(1)(a) permits an action in rem to be brought whenever a statute

26 of the United States provides for a proceeding analogous to a

27 maritime action in rem. Title 21 U.S.C. § 881(d) provides that

28 the provisions of law relating to the seizure, summary and

3

judicial forfeiture, and condemnation of property for violation of the customs laws apply to forfeitures and seizures alleged to have been incurred under that subchapter.

Title 21 U.S.C. § 881(a)(7) provides that all real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of the subchapter punishable by more than one year's imprisonment is subject to forfeiture to the United States, and no property right shall exist in them. Here, the complaint alleges that the Defendant real property was used or intended to be used to commit or facilitate the commission of a violation of 21 U.S.C. § 841(a)(1), an offense punishable by more than one year's imprisonment, and thus is subject to forfeiture to the Plaintiff pursuant to § 881(a)(7). (Cmplt. ¶ 4.)

Tile 21 U.S.C. § 881(b) provides that any such property may be seized by the Attorney General in the manner set forth in 18 U.S.C. § 981(b).

II. <u>Notice</u>

Title 18 U.S.C. § 981(b) provides for procedures for seizure which operate "[e]xcept as provided in section 985...." Section 985 governs civil forfeitures of real property. It states:

> (a) Notwithstanding any other provision of law, all civil forfeitures of real property and interests in real property shall proceed as judicial forfeitures.
> ....
> (c)(1) The Government shall initiate a civil forfeiture action against real property by-
> (A) filing a complaint for forfeiture;

4

1   (B) posting a notice of the complaint on the property; and
(C) serving notice on the property owner, along with
2   a copy of the complaint.
    (2) If the property owner cannot be served with the
3   notice under paragraph (1) because the owner-
     (A) is a fugitive;
4     (B) resides outside the United States and efforts at
service pursuant to rule 4 of the Federal Rules of Civil
5   Procedure are unavailing; or
     (C) cannot be located despite the exercise of due
6     diligence, constructive service may be made in
     accordance with the laws of the State in which the
7     property is located.
   (3) If real property has been posted in accordance with
8   this subsection, it shall not be necessary for the court to
issue an arrest warrant in rem, or to take any other action
9   to establish in rem jurisdiction over the property.

10      Here, the complaint alleges that the record owner of the

11   Defendant real property is Santos Rafael Islas Ramirez. The

12   declaration of Autumn Magee submitted in support of Plaintiff's

13   request to enter default against Ramirez establishes that Ramirez

14   is not an infant or incompetent and is not in the military

15   service of the United States. Magee's declaration and the

16   attached proof of service by the United States Marshal establish

17   that personal service of the complaint, application and order for

18   publication, lis pendens, and related documents were personally

19   served upon Ramirez on October 27, 2005. This service was in

20   compliance with Fed. R. Civ. P. 4(e)(2) and Local Rule A-540(a).

21      Further, the notice of posting of real property filed in this

22   Court on December 1, 2005, establishes that the Defendant

23   property was posted on October 27, 2005, by the United States

24   Marshal's Service.

25      Magee's declaration and the amended proof of publication as

26   ordered by the Court, filed in this action on February 7, 2006,

27   establish that by January 6, 2006, publication was effected

28   pursuant to the Court's previous order of October 11, 2005.

1  Publication was in compliance with the Court's previous order,

2  Supplemental Rules for Certain Admiralty and Maritime Claims,

3  Rule c(4), and Local Rule A-530.

4       With respect to Ramiro Barragan, the declaration of Autumn

5  Magee submitted in support of Plaintiff's request to enter

6  default against Barragan filed on February 8, 2006, establishes

7  that Barragan is not an infant or incompetent and is not in the

8  military service of the United States. Magee's declaration and

9  the attached proof of service by the United States Marshal

10  establish that personal service of the complaint, application and

11  order for publication, lis pendens, and related documents were

12  personally served upon Barragan on October 27, 2005. This service

13  was in compliance with Fed. R. Civ. P. 4(e)(2) and Local Rule A-

14  540(a).

15       With respect to Benjamin Valencia Lucatero, the declaration

16  of Autumn Magee submitted in support of Plaintiff's request to

17  enter default against Lucatero filed on February 8, 2006,

18  establishes that Lucatero is not an infant or incompetent and is

19  not in the military service of the United States. Magee's

20  declaration and the attached proof of service by the Ecuadorian

21  National Police establish that personal service of the complaint,

22  application and order for publication, lis pendens, and related

23  documents were personally served upon Lucatero on November 10,

24  2005. This service was in compliance with Fed. R. Civ. P. 4(f)

25  and Local Rule A-540(a).

26       Thus, notice complying with the pertinent statute has been

27  given with respect to Ramirez, the recorded owner, as well as

28  Barragan and Lucatero.

1        III. <u>Default</u>

2        The declarations of Autumn Magee establish that none of the

3   persons receiving notice filed any answer or claim or otherwise

4   responded to the service and notice within the time provided by

5   Supplemental Rule C(6). Thus, default was properly entered.

6        IV. <u>Sufficiency of the Complaint</u>

7        Supp. Rule C(2) provides that the complaint in an action in

8   rem must be verified, describe with reasonable particularity the

9   property that is the subject of the action and state various

10  allegations with respect to the seizure and the property, and

11  state "all allegations required by the statute under which the

12  action is brought." The complaint in this action is verified, and

13  it describes the property by its address and parcel number.

14       Under the Civil Asset Forfeiture Reform Act (CAFRA), the

15  government must prove by a preponderance of evidence that the

16  property is subject to forfeiture. 18 U.S.C. § 983(c)(1).

17  Further, where the theory of forfeiture is that the property was

18  used to commit or facilitate the commission of a criminal

19  offense, the government shall establish that there was a

20  substantial connection between the property and the offense.

21       With respect to the allegations of the complaint, the

22  complaint is a twenty-four page document that details the

23  investigation of Barragan's cocaine trafficking operations. It is

24  alleged that the Defendant real property is registered as owned

25  by Ramirez, the brother of Barragan's ex-paramour, Martha Islas.

26  Lucatero allegedly granted the property to Ramirez, although at

27  the time of the signing of the grant deed, Lucatero had been

28  incarcerated in Ecuador in connection with possession of over two

million dollars and five tons of cocaine. Observations in 2004 and 2005 established a basis for believing that Barragan, Islas, and their children were the only residents of the Defendant real property at that time. Barragan had no legitimate source of employment or income, and he has not filed a federal income tax return since 2002. On June 5, 2005, wire surveillance revealed that Barragan had called the land telephone line at the Defendant real property and had told his daughter, who was there, that he was coming with money. That day a purchase of cocaine by one Francisco Torres from Barragan appeared to have occurred. Barragan was arrested, and over 60 grams of cocaine were found on Barragan's person and in his car, which had been used in the purchase, along with almost $7,000.00 in the glove compartment. A search warrant of the Defendant real property effected that same day revealed over $95,000.00 in currency in a bedroom; further investigation revealed that a family member reported that Barragan had been in the bedroom on the day in question, and that the bag containing the cash had not been there the previous day. Islas was interviewed and indicated that Barragan provided all funds used for her living expenses and those of the children who lived in the house and whom Barragan had fathered. All expenses were paid in cash; Barragan had no bank accounts. Barragan was indicted by a federal grand jury on June 16, 2005, for violations of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 846, conspiracy to distribute and possess cocaine with intent to distribute, and other drug offenses. It was also alleged that in 2004, Barragan, Ramirez, and others conspired to commit bank fraud in relation to a loan obtained against the equity in the Defendant real

1 property.

2     The facts stated in the complaint reflect that Barragan
3 engaged in extensive drug trafficking activities at the pertinent
4 time. Unexplained significant amounts of cash that are oddly
5 packaged and possessed by a person with no legitimate source of
6 income constitute strong evidence that the cash is drug proceeds.
7 United States v. $129,727.00 in U.S. Currency, 129 F.3d 486,
8 4900-91 (9th Cir. 1997); United States v. All Right, Title and
9 Interest, etc., 983 F.2d 396, 405 (2nd Cir. 1993); see, United
10 States v. $30,670, 403 F.3d 448, 468 (7th Cir. 2005). Here, there
11 was evidence of a set of circumstances that warrant a strong
12 inference that the cash was drug proceeds.

13     A residence used as a repository for drug money is used to
14 facilitate, or with the intent to facilitate, drug transactions,
15 and it is substantially connected to drug offenses. This is
16 because the term "facilitate" has been interpreted to encompass
17 activity making the prohibited conduct less difficult or more or
18 less free from obstruction or hindrance. United States v. Juluke,
19 426 F.3d 323, 326-27 (5th Cir. 2005); United States v. One 1986
20 Ford Pickup, 56 F.3d 1181, (9th Cir. 1995) (use of a truck to
21 transport proceeds of drug sale held to constitute use of the
22 truck to facilitate in any manner the transportation, sale,
23 receipt, possession, or concealment of controlled substances)
24 (citing Nocita v. United States, 258 F.2d 199, 200 n. 6 (9th Cir.
25 1958), which upheld the seizure of an automobile used to pay
26 winnings and collect debts from previous wagers, but never to
27 accept the wagers, because the receiving of winnings was an
28 integral part of the business of accepting wagers); United States

9

1  *v. One Parcel of Property Located at 2526 Faxon*, 145 F.Supp.2d
2  942, 946-47 (W.D.Tenn 2001) (forfeiture of home used to store
3  proceeds of drug sales).

4      Here, the facts alleged in the complaint establish that the
5  Defendant real property was used to store the proceeds of drug
6  sales and thus that it was property used or intended to be used
7  to facilitate drug transactions.

8      Accordingly, the facts alleged in the complaint are legally
9  sufficient to warrant a conclusion that the United States is
10 entitled to a default judgment of forfeiture.

11     V. Default Judgment

12     Fed. R. Civ. P. 55(b) provides for the entry of a default
13 judgment by the Court where the claim is not for a sum certain.
14 Local Rule A-540(d) provides that upon a showing that no one has
15 appeared to claim the property and give security, and that due
16 notice of the action and arrest of the property has been given, a
17 party may move for judgment at any time after the time for answer
18 has expired; if no one has appeared, the party may have an ex
19 parte hearing before the Court and judgment without further
20 notice.

21     Here, no one other than the claimant that has previously
22 entered into a settlement with the Plaintiff has claimed an
23 interest in the property or otherwise responded to the complaint
24 despite adequate notice. It does not appear that there is any
25 risk of mistake or excusable neglect on the part of anyone with a
26 potential interest in the property or of a dispute as to a
27 material fact essential to the government's case. No just cause
28 for delay appears. It is apparent from the declarations submitted

to the Court that none of the potential claimants is an infant, incompetent, or member of the armed services. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that Plaintiff has shown its entitlement to a default judgment of forfeiture.

With respect to the form of the judgment, Plaintiff has established that it is entitled to a judgment against the property, Waterloo Distilling Corp. v. U.S., 282 U.S. 577, 581 (1931), affecting the interests of all persons in the property, Hanson v. Denkla, 357 U.S. 235, 246 n.12 (1958).

RECOMMENDATION

Accordingly, it IS RECOMMENDED that

1. Plaintiff's motion for default judgment BE GRANTED; and

2. Plaintiff IS ENTITLED to, and the Clerk SHOULD ENTER, a judgment that

a) The interest/s of Benjamin Valencia Lucatero, Santos Rafael Islas Ramirez, and Ramiro Barragan in the Defendant property are condemned and forfeited to the United States of America; and

b) The right, title, and interest of potential claimants Benjamin Valencia Lucatero, Santos Rafael Islas Ramirez, and Ramiro Barragan in the Defendant property are forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(7), and are vested in the United States; and

c) All persons claiming any right, title, or interest in or to the Defendant property have defaulted and no longer have

1 | any right, title, or interest in the Defendant property
2 | whatsoever; and

3 |     3. The Clerk ENTER final judgment of forfeiture for
4 | Plaintiff United States that vests in the United States of
5 | America all right, title, and interest in the Defendant real
6 | property.

7 |     This report and recommendation is submitted to the United
8 | States District Court Judge assigned to the case, pursuant to the
9 | provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
10 | Local Rules of Practice for the United States District Court,
11 | Eastern District of California. Within thirty (30) days after
12 | being served with a copy, any party may file written objections
13 | with the court and serve a copy on all parties. Such a document
14 | should be captioned "Objections to Magistrate Judge's Findings
15 | and Recommendations." Replies to the objections shall be served
16 | and filed within ten (10) <u>court</u> days (plus three days if served
17 | by mail) after service of the objections. The Court will then
18 | review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
19 | (b)(1)(C). The parties are advised that failure to file
20 | objections within the specified time may waive the right to
21 | appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
22 | 1153 (9th Cir. 1991).

23 | IT IS SO ORDERED.

24 | **Dated:    September 1, 2006**          _____/s/ Sandra M. Snyder_____
      icido3                                 UNITED STATES MAGISTRATE JUDGE
25 |
26 |
27 |
28 |

12